ORIGINAL
FILED

07 AUG 23 AM 11: 29

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

JSW

1  MARIO N. ALIOTO, ESQ. (56433)
   LAUREN C. RUSSELL, ESQ. (241151)
2  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
   2280 Union Street
3  San Francisco, CA  94123
   Telephone:  (415) 563-7200
4  Facsimile: (415) 346-0679
5  malioto@tatp.com
   laurenrussell@tatp.com
6
7  SHERMAN KASSOF, ESQ. (66383)
   LAW OFFICES OF SHERMAN KASSOF
8  954 Risa Road, Suite B
   Lafayette, CA 94549
9  Telephone: (510) 652 2554
   Facsimile: (510) 652 9308
10 heevay@att.net

11                     UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

13
14 MARTIN KAUFMAN, on behalf of himself    )   Case No. C 07 4349
   and all others similarly situated,     )
15                                         )
                   Plaintiff,             )   **CLASS ACTION COMPLAINT**
16 vs.                                     )
                                          )
17 KOREAN AIRLINES CO. LTD., and           )
   ASIANA AIRLINES, INC.                   )   **JURY TRIAL DEMANDED**
18                                         )
19                Defendants.             )
                                          )
20                                         )
                                          )
21 _____ )
22
23
24
25
26
27
28

**1**
CLASS ACTION COMPLAINT

1

## CLASS ACTION COMPLAINT

2     Plaintiff Martin Kaufman ("Kaufman") on behalf of himself and all others similarly

3 situated in the United States brings this action for treble damages and injunctive relief under the

4 federal antitrust laws of the United States against Defendants Korean Air Lines Co., Ltd. and

5 Asiana Airlines, Inc. ("Defendants"), demanding trial by jury, and complaining and alleging as

6 follows:

7

## NATURE OF THE CASE

8     1.     This lawsuit is brought as a class action on behalf of individuals and entities that

9 purchased airline tickets for travel between the United States and Korea from Defendants, their

10 predecessors, or their controlled subsidiaries and affiliates during the period beginning no later

11 than January 1, 2000 and continuing until at least July 31, 2006 (the "Class Period").

12     2.     Defendants are the two largest Korean airlines and the only Korean airlines

13 offering international passenger flights to and from the United States. Plaintiff alleges that

14 during the Class Period, Defendants conspired to fix, raise, maintain or stabilize prices for

15 wholesale and passenger fares charged for air travel between the United States and Korea.

16     3.     Plaintiff alleges that Defendants' cartel and conspiracy is in violation of Section

17 1 of the Sherman Act, 15 U.S.C. § 1, which prohibits restraints of trade. Plaintiff seeks treble

18 damages and injunctive relief on behalf of himself and all other similarly situated direct

19 purchasers of wholesale and passenger fares during the Class Period.

20

## JURISDICTION AND VENUE

21     4.     This Court has subject matter jurisdiction over this action based on Sections 4

22 and 16 of the Clayton Act (15 U.S.C. §§ 15 and 26) which confer to the United States district

23 courts jurisdiction over actions seeking damages and costs, including reasonable attorneys' fees,

24 for violations of the Sherman Act. Section 16 of the Clayton Act, 15 U.S.C. § 26, is the basis

25 for this Court's jurisdiction over Plaintiff's claim for injunctive relief. This Court also has

26 jurisdiction under 28 U.S.C. §§ 1331 and 1337.

27

28

5.    This Court has personal jurisdiction over Defendants because they systematically and continually conduct business in the United States, including marketing, advertising, and sales directed to residents here.

6.    Venue is laid in this District pursuant to 15 U.S.C. §§15 and 22, and 28 U.S.C. § 1391(b) and (c). Venue is proper in this judicial district because during the Class Period one or more of the Defendants resided, transacted business, was found, or had agents in this district, and because a substantial part of the events giving rise to Plaintiff's claims occurred in this district, and a substantial portion of the affected interstate trade and commerce described below has been carried out in this district.

## DEFINITIONS

7.    As used herein, the term "Air Passenger Services" includes wholesale and passenger fares charged for air travel flights between the United States and Korea.

8.    As used herein, the term "passenger fare" refers to the base fare and the fuel surcharge charged to passengers by Defendants and its co-conspirators.

9.    As used herein, the term "wholesale fare" refers to "H" class passenger tickets sold to travel agents in the United States who paid a discounted published fare, or "wholesale fare," for those tickets.

10.    The "Class Period" or "relevant period" means the period from at least January 1, 2000 and continuing through at least July 31, 2006.

11.    "Person" means any individual, partnership, corporation, association, or other business or legal entity.

## PLAINTIFF

12.    Plaintiff Martin Kaufman ("Kaufman") is a California resident. During the relevant period, Kaufman purchased a passenger airfare from Defendant Korean Airlines Co. Ltd. and has been injured by reason of the antitrust violations alleged in this Complaint.

## DEFENDANTS

13.    Defendant Korea Air Lines Co. Ltd. ("Korean Air") is a foreign airline organized under the laws of South Korea with its principal place of business located at 1370 Gonghang

1  Dong, Kangseo Ku, Seoul, South Korea. During the Class Period, Korean Air provided Air

2  Passenger Services to customers throughout the world, including between the United States and

3  Korea.

4      14.    Defendant Asiana Airlines, Inc. ("Asiana") is a foreign airline organized under

5  the laws of South Korea, headquartered as Kangseo P.O. Box 98 #47, Oseo-dong, Kangseo-Ku,

6  Seoul, Korea. During the Class Period, Asiana provided Air Passenger Services to customers

7  throughout the world, including between the United States and Korea.

8  **UNNAMED CO-CONSPIRATORS**

9      15.    On information and belief, various other air passenger carriers, trade associations,

10  persons and/or entities, not named as Defendants herein, have participated as co-conspirators

11  with Defendants and have performed acts and made statements in furtherance of the conspiracy

12  and/or in furtherance of the anticompetitive, unfair or deceptive conduct alleged herein. The

13  allegations in this Complaint apply equally to these unnamed co-conspirators.

14      16.    Whenever in this Complaint reference is made to any act, deed or transaction of

15  any corporation, the allegation means that the corporation engaged in the act, deed or transaction

16  by or through its officers, directors, agents, employees or representatives while they were

17  actively engaged in the management, direction, control or transaction of the corporation's

18  business or affairs.

19      17.    Each of the Defendants named herein acted as the agent or joint venturer of or for

20  the other Defendants with respect to the acts, violations and common course of conduct alleged

21  herein. Each Defendant ratified and/or authorized the wrongful acts of each of the Defendants.

22  Defendants, and each of them, are individually sued as participants and as aiders and abettors in

23  the improper acts and transactions that are the subject of this action.

24  **INTERSTATE TRADE AND COMMERCE**

25      18.    During the Class Period, Defendants were major companies in the Air Passenger

26  Services industry.

27      19.    Throughout the Class Period, the Air Passenger Services purchased from

28  Defendants by Plaintiff and the other Class members created a continuous and uninterrupted

1   flow of transactions between air passenger carriers and airline customers for air travel within, to,

2   and from the United States, including this District. Defendants' unlawful conduct took place

3   within the flow of interstate commerce and affected airline customers located throughout the

4   United States, including this District, as well as throughout the world. Defendants' unlawful

5   conduct had a direct, substantial, and reasonably foreseeable effect in restraint of trade on both

6   interstate and international commerce.

## CLASS ACTION ALLEGATIONS

7

8       20.     Plaintiff brings this action on behalf of himself and as a class action under the

9   provisions of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all

10  members of the following class:

11          All persons and/or entities that purchased Air Passenger Services from
            Defendants, their co-conspirators, or any present or former parent, subsidiary or
12          affiliate of Defendants, at any time during the period from at least January 1,
            2000, to at least July 31, 2006, the exact dates being unknown to Plaintiff.
13          Excluded from the Class are Defendants, their co-conspirators, all present or
            former parents, predecessors, subsidiaries or affiliates of Defendants, and all
14          governmental entities.
15

16      21.     This action has been brought and may properly be maintained as a class action

17  pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

18          a.      The Class is ascertainable and there is a well-defined community of

19  interest among members of the Class;

20          b.      Based upon the nature of trade and commerce involved and the number of

21  direct purchasers of Air Passenger Services from Defendants, Plaintiff believes that the

22  members of the Class number in the thousands, and therefore are sufficiently numerous that

23  joinder of all Class members is not practicable;

24          c.      Plaintiff's claims are typical of the claims of the members of the Class

25  because Plaintiff directly purchased Air Passenger Services from Defendants, and therefore

26  Plaintiff's claims arise from the same common course of conduct giving rise to the claims of the

27  members of the Class and the relief sought is common to the Class;

28

1          d.      The following common questions of law or fact, among others, exist as to

2   the members of the Class:

3                  i.      Whether Defendants formed and operated a combination or

4   conspiracy to fix, raise, maintain, and/or stabilize the price of Air Passenger Services in the

5   United States and throughout the world during the Class Period;

6                  ii.     Whether the combination or conspiracy caused the prices of Air

7   Passenger Services to be higher than they would have been in the absence of Defendants'

8   conduct;

9                  iii.    The operative time period of Defendants' combination or

10  conspiracy;

11                 iv.     Whether Defendants' conduct caused injury to the business or

12  property of Plaintiff and the members of the Class;

13                 v.      The appropriate measure of the amount of damages suffered by

14  the Class;

15                 vi.     Whether Defendants' conduct violates Section 1 of the Sherman

16  Act;

17                 vii.    Whether Defendants took steps to actively conceal the conspiracy;

18  and

19                 viii.   The appropriate nature of class-wide equitable relief.

20         e.      These and other questions of law and fact common to the members of the

21  Class predominate over any questions affecting only individual members, including legal and

22  factual issues relating to liability and damages;

23         f.      After determination of the predominant common issues identified above,

24  if necessary or appropriate, the Class can be divided into logical and manageable subclasses;

25         g.      Plaintiff will fairly and adequately protect the interests of the Class in that

26  Plaintiff has no interests that are antagonistic to other members of the Class and has retained

27  counsel competent and experienced in the prosecution of class actions and antitrust litigation to

28  represent him and the Class;

1            h.      A class action is superior to other available methods for the fair and

2    efficient adjudication of this litigation since individual joinder of all damaged Class members is

3    impractical. The damages suffered by the individual Class members are relatively small, given

4    the expense and burden of individual prosecution of the claims asserted in this litigation. Thus,

5    absent the availability of class action procedures it would not be feasible for Class members to

6    redress the wrongs done to them. Even if the Class members could afford individual litigation,

7    the court system could not. Further, individual litigation presents the potential for inconsistent or

8    contradictory judgments and would greatly magnify the delay and expense to all parties and the

9    court system. Therefore, the class action device presents far fewer case management difficulties

10   and will provide the benefits of unitary adjudication, economy of scale and comprehensive

11   supervision in a single court; and

12           i.      Defendants and their co-conspirators have acted, and/or refused to act, on

13   grounds generally applicable to the Class, thereby making appropriate final injunctive relief with

14   respect to the Class as a whole.

## BACKGROUND

16       22.    Throughout the period covered by this Complaint, Defendants engaged in the

17   business of marketing and selling Air Passenger Services throughout world, including the

18   United States.

19       23.    Defendants are two of the largest providers of Air Passenger Services in the

20   United States and the world.

21       24.    Air Passenger Services are a commodity product that can be provided by any one

22   air passenger carrier, and can be readily substitutable for any other air passenger carrier.

23       25.    The Air Passenger Services market in the United States and worldwide is highly

24   concentrated, and substantial barriers to entry exist. Both factors facilitate the implementation

25   and maintenance of a horizontal price-fixing cartel such as this conspiracy perpetrated by

26   Defendants and its co-conspirators.

27       26.    Throughout the period covered by this Complaint, the exact dates being unknown

28   to Plaintiff Defendants conspired or combined for the purpose and effect of instituting, raising,

1  fixing, maintaining or stabilizing the price of Air Passenger Services between the United States

2  and Korea.

3      27.    On August 1, 2007, the United States Department of Justice ("DOJ") issued a

4  press release stating, among other things, that Defendant Korean Air had agreed to plead guilty

5  and pay $300 million for its role in a conspiracy to fix the price of passenger flights to and from

6  the United States and Korea. Under the plea agreement, Korean Air has agreed to cooperate with

7  the DOJ's ongoing investigation into the industry.

8      28.    Korean Air and Asiana are both members of the Association of Asia Pacific

9  Airlines ("AAPA"), a trade association that has been in existence for over 40 years. This

10  common association facilitated the exchange of pricing information between Korean Air and

11  Asiana.

12      29.    Defendants have engaged in a contract, combination, trust or conspiracy, the

13  effect of which was to raise the prices for Air Passenger Services to artificially inflated levels.

14      30.    During the Class Period, Plaintiff and the class members purchased Air

15  Passenger Services from the Defendants.

16      31.    Plaintiff and the class member paid more for Air Passenger Services than they

17  would have paid had Defendants not colluded to fix the prices for Air Passenger Services at

18  supracompetitive levels.

19      32.    As a direct and proximate result of Defendants' conspiracy, Plaintiff and the class

20  members have been injured and financially damaged in their respective businesses and property

21  in presently undetermined amounts.

22              **VIOLATIONS ALLEGED**

23          **(Violation of Section 1 of the Sherman Act)**

24      33.    Plaintiff incorporates and realleges, as though fully set forth herein, each and

25  every allegation set forth in the preceding paragraphs of this Complaint.

26      34.    Beginning at a time unknown to Plaintiff, but from at least January 1, 2000, and

27  continuing through at least July 31, 2006, the exact dates being unknown to Plaintiff, Defendants

28  entered into a continuing agreement, understanding, and conspiracy in restraint of trade to

**8**
CLASS ACTION COMPLAINT

1  artificially raise, fix, maintain and/or stabilize the price of Air Passenger Services paid by

2  Plaintiff and the other Class Members, in violation of Section 1 of the Sherman Act, 15 U.S.C.

3  §1.

4      35.    In formulating and carrying out the alleged agreement, understanding, and

5  conspiracy, the Defendants did those things that they combined and conspired to do, including,

6  but not limited to the acts, practices, and course of conduct set forth above, and the following,

7  among others:

8              a.    Participated in meetings, phone conferences and other communications to

9                    exchange information used by Defendants to formulate and implement the

10                   Air Passenger Services price increases;

11             b.    Agreed to the prices that would be charged for Air Passenger Services;

12             c.    Issued price announcements and price quotations in accordance with the

13                   agreements reached; and

14             d.    Engaged in meetings, conversations and communications for the purposed

15                   of monitoring and adhering to the agreed-upon prices.

16     36.    The combination and conspiracy alleged herein has had the following effects,

17  among others:

18             a.    Price competition in Air Passenger Services has been restrained,

19                   suppressed and/or eliminated;

20             b.    Prices assessed by Defendants for Air Passenger Services have been

21                   fixed, raised, maintained and stabilized at artificially high, non-

22                   competitive levels; and

23             c.    Those who purchased Air Passenger Services from Defendants have been

24                   deprived the benefits of free and open competition.

25     37.    During the Class Period, Plaintiff and members of the Class purchased Air

26  Passenger Services from Defendants.

27     38.    As a direct and proximate result of Defendants' illegal contract, combination and

28  conspiracy, Plaintiff has been injured and will continue to be injured in his business and property

9

1   by paying more for Air Passenger Services provided by Defendants than they would have paid

2   in the absence of the combination and conspiracy.

3       39.     Plaintiff and the members of the Class request three times their actual damages

4   that resulted from Defendants' illegal conspiracy to fix the prices for Air Passenger Services.

5   The total amount of damages is presently undetermined.

6       40.     Plaintiff and the Class are entitled to an injunction against Defendants, preventing

7   and restraining the violations alleged herein.

8                           **FRAUDULENT CONCEALMENT**

9       41.     Throughout the relevant period, Defendants affirmatively and fraudulently

10  concealed their unlawful conduct against Plaintiff and the Class.

11      42.     Plaintiff and the members of the Class did not discover, and could not discover

12  through the exercise of reasonable diligence, that Defendants were violating the antitrust laws as

13  alleged herein until August 1, 2007, when the DOJ issued a press release stating that Korean Air

14  Lines Co., Ltd. had agreed to plead guilty and pay a $300 million fine for its role in a conspiracy

15  to fix fares charged to passengers and certain travel agents for flights to and from the United

16  States and Korea from January 2000 until July 2006.

17      43.     Plaintiff and the members of the Class could not have discovered the violations

18  earlier than that time because Defendants conducted their conspiracy in secret, concealed the

19  nature of their unlawful conduct and acts in furtherance thereof, and fraudulently concealed their

20  activities through various other means and methods designed to avoid detection. The conspiracy

21  was by its nature self-concealing. In addition, during the Class Period, Defendants falsely

22  attributed price increases to the rising cost of jet fuel. Defendants also falsely informed their

23  customers that they were unable to lower prices of Air Passenger Services due to the increased

24  cost of jet fuel.

25      44.     Plaintiff had no reason to disbelieve these statements which on their face

26  appeared to be reasonable explanations for the increasing prices for Air Passenger Services.

27  Furthermore, most of the explanations provided by Defendants involved non-public and/or

28  proprietary information completely in the Defendants' control such that Plaintiff and members

1  of the Class could not verify their accuracy. Defendants' purported reasons for the price

2  increases of Air Passenger Services were materially false and misleading and were made for the

3  purpose of concealing Defendants' anti-competitive scheme as alleged herein. In truth, at all

4  relevant times, the prices of Air Passenger Services were artificially inflated and maintained as a

5  direct result of the Defendants' anti-competitive scheme, the operation of which was a

6  substantial (but undisclosed) factor in the pricing of Air Passenger Services during the Class

7  Period.

8    45.    As a result of Defendants' fraudulent concealment of the conspiracy, Plaintiff and

9  the Class assert the tolling of any applicable statute of limitations affecting the rights of action of

10  Plaintiff and the members of the Class.

11                            **PRAYER FOR RELIEF**

12    WHEREFORE, Plaintiff prays as follows:

13    A.    That the Court determine that this action may be maintained as a class action

14  under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

15    B.    That the Court adjudge and decree that the unlawful conduct, contract,

16  combination and conspiracy alleged herein constitutes a *per se* unreasonable restraint of trade in

17  violation of Section 1 of the Sherman Act, 15 U.S.C. §1;

18    C.    That judgment be entered against Defendants and in favor of Plaintiff and the

19  Class he represents for treble damages as allowed by the Sherman Act, as determined to have

20  been sustained by them, together with costs of suit, including reasonable attorneys' fees;

21    D.    That Defendants, their co-conspirators, successors, transferees, assigns, parents,

22  subsidiaries, affiliates, and the officers, directors, partners, agents and employees thereof, and all

23  other persons acting or claiming to act on behalf of Defendants, or in concert with them, be

24  permanently enjoined and restrained from, in any manner, directly or indirectly, continuing,

25  maintaining or renewing the combinations, conspiracy, agreement, understanding or concert of

26  action, or adopting or following any practice, plan, program or design having a similar purpose

27  or effect in restraining competition;

28

1    E.    That the Court award Plaintiff and the Class he represents attorneys' fees and

2  costs, and pre-judgment and post-judgment interest as permitted by law; and

3    F.    That the Court award Plaintiff and the Class he represents such other and further

4  relief as may be necessary and appropriate.

5                                   **JURY DEMAND**

6       Plaintiff demands a trial by jury of all of the claims asserted in this Complaint so triable.

7

8  Dated: August 22, 2007          By:    Mario N. Alioto per SCK w/ permission
                                          Mario N. Alioto (56433)
9                                         Lauren C. Russell (241151)
                                          TRUMP, ALIOTO, TRUMP & PRESCOTT
10                                        2280 Union Street
                                          San Francisco, CA 94123
11                                        Telephone: (415) 563-7200
                                          Facsimile: (415) 346-0679
12                                        E-mail: malioto@tatp.com ;
                                          laurenrussell@tatp.com
13

14                                        Sherman Kassof (66383)
                                          Law Offices of Sherman Kassof
15                                        555 12th Street, Suite 1900
                                          Oakland, CA 94607
16                                        Telephone: (510) 652 2554
                                          Facsimile: (510) 652 9308
17                                        Email: heevay@att.net
18

19                                        Joseph M. Patane (72202)
                                          LAW OFFICES OF JOSEPH M. PATANE
20                                        2280 Union Street
                                          San Francisco, CA 94123
21                                        Telephone: (415) 563-7200
                                          Facsimile: (415) 346-0679
22                                        E-mail: jpatane@tatp.com
23

24                                        Attorneys for Plaintiff Kaufman
                                          And All Others Similarly Situated
25

26

27

28

CLASS ACTION COMPLAINT